UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL WATTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1050** |
| **SANDY MCCAIN, WARDEN** | **SECTION "A"(2)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See U.S.C. § 2254(e)(2) (2006).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Daniel Watts, is a convicted inmate currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("Rayburn") in Angie, Louisiana.[2] On March 23, 2000, Watts was charged by bill of indictment with second degree murder, along with

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, or that the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

his co-defendant, Courtney Kimble.[3]  The Louisiana First Circuit Court of Appeal summarized the facts of the case as determinated at trial in relevant part as follows:

> In the early morning hours of July 16, 2000, Tangipahoa Parish sheriff's deputies were patrolling the area of the Oasis Club when they heard two gunshots.  They immediately approached the club and found the body of Carl Jacobs in the parking lot.  Jacobs had sustained one gunshot wound to the head.
> 
> An eyewitness to the shooting, Martha Vanessa Oliver, identified the defendant in a photographic lineup and at trial as the man she saw fire a gun twice in the parking lot.  Oliver did not see the victim.  A second eyewitness, Romero Watkins, testified as follows: Carl Jacobs attempted to choke Courtney Kimble outside of the Oasis Club after the two men argued about Jacobs' girlfriend.  Watkins and the defendant broke up the fight.  Subsequently, Watkins went with the defendant and Kimble to their homes to get their guns.  Watkins then returned home.  Later that evening, Watkins returned to the Oasis parking lot where he saw Kimble shoot Jacobs once in the head.  Immediately thereafter, the defendant fired two more shots at Jacobs, but missed because Jacobs had already begun to fall to the ground as a result of the fatal gunshot wound to his head.

State v. Watts, 836 So. 2d 701 (Table) (La. App. 1st Cir. 2002); State Record Volume 2 of 6, Louisiana First Circuit Court of Appeal Opinion, 2001-KA-2954, page 2, November 8, 2002.

Watts and Kimble were tried jointly before a jury on January 17, 18, and 19, 2001.[4]  Watts was found guilty of attempted second degree murder, and Kimble was

---

[3] St. Rec. Vol. 2 of 6, Bill of Indictment, 3/23/00.  The indictment reflects an amendment to the charge to manslaughter, dated 10/13/10, which must only pertain to the co-defendant, Courtney Kimble, who was released from custody in 2010.

[4] St. Rec. Vol. 2 of 6; Trial Minutes, 1/17/01; Trial Minutes, 1/18/01; Trial Minutes, 1/19/01; St. Rec. Vol. 3 of 6, Trial Transcript, 1/17/01; Trial Transcript, 1/18/01; St. Rec. Vol. 4 of 6, Trial Transcript (continued) 1/18/01; Trial Transcript, 1/19/01.

found guilty of second degree murder.[5] On January 24, 2001, the trial court sentenced Watts to the maximum sentence of fifty (50) years at hard labor without the benefit of parole, probation or suspension of sentence.[6] On the same day, the trial court sentenced Kimble to the mandatory life sentence without the benefit of parole, probation or suspension of sentence.[7]

On direct appeal of his conviction to the Louisiana First Circuit, Watts' appointed counsel asserted two errors:[8] (1) The evidence was insufficient to support the conviction. (2) Imposition of the maximum sentence was excessive.

The Louisiana First Circuit affirmed the conviction on November 8, 2002.[9] However, the First Circuit vacated his sentence because it found that the trial court had failed to impose the mandatory twenty-four (24) hour delay before sentencing, and there

---

[5] St. Rec. Vol. 2 of 6, Trial Minutes, 1/19/01; St. Rec. Vol. 4 of 6, Trial Transcript, 1/19/01.

[6] St. Rec. Vol. 2 of 6, Sentencing Minutes, 1/24/01; Sentencing Transcript, 1/24/01.

[7] As noted above, Kimble was later released from custody. He successfully pursued federal habeas corpus relief in the Middle District of Louisiana, where he was granted relief on the basis of ineffective assistance of trial counsel, because trial counsel failed to move for a severance of the trials. The Magistrate Judge found that failing to sever the trials prejudiced Kimble due to the admission of Watts' out-of-court statements, implicating Kimble as the shooter, and the District Judge adopted the Magistrate Judge's Report and Recommendation. See Kimble v. Cain, No. Civ. A. 07-396, 2010 WL 2925804, at *1 (M.D. La. June 25, 2010) report and recommendation adopted, No. Civ. A. 07-396, 2010 WL 2925808 (M.D. La. July 21, 2010).

[8] St. Rec. Vol. 1 of 6, Appeal Brief, 2001-KA-2954, 5/6/02.

[9] State v. Watts, 836 So. 2d 701 (Table) (La. App. 1st Cir. 2002); St. Rec. Vol. 2 of 6, 1st Cir. Opinion, 2001-KA-2954, 11/8/02.

was no indication in the record that Watts had waived the delay. Thus, the First Circuit pretermitted the issue of whether the maximum sentence was excessive.

On February 11, 2003, the trial court resentenced Watts' to fifty (50) years imprisonment without the benefit of parole, probation or suspension of sentence.[10] Before his resentencing, Watts had timely filed a writ application to challenge his conviction in the Louisiana Supreme Court.[11] The Louisiana Supreme Court denied this writ on September 26, 2003.[12] His conviction became final ninety (90) days later, on Friday, December 26, 2003,[13] when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filling for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

---

[10]St. Rec. Vol. 2 of 6, Sentencing Minutes, 2/11/03; St. Rec. Vol. 4 of 6, Resentencing Transcript, 2/11/03. It does not appear from the record that Watts preserved his right to appeal the issue of excessive sentence after his resentencing. The First Circuit later ordered the trial court to address the issue of whether he had timely done so in the form of an appeal, or post-conviction relief application for an out-of-time appeal. See St. Rec. Vol. 2 of 6, 1st Cir. Order, 2007-KW-2385, 1/18/08. The trial court considered this issue at a hearing and concluded that Watts had neither filed a timely appeal nor a timely post-conviction relief application for an out-of-time appeal. See St. Rec. Vol. 4 of 6, Hearing Transcript, 4/2/08.

[11]St. Rec. Vol. 5 of 6, La. S. Ct. Writ Application, 2002-KO-3229, 9/26/03.

[12]St. Rec. Vol. 2 of 6, La. S. Ct. Order, 2002-KO-3229.

[13]See footnote 33 infra.

More than one year later, on January 14, 2005, Watts filed an application for post-conviction relief in the state trial court, asserting the following grounds for relief:[14] (1) The trial court erred in denying the motion to suppress his statement to police. (2) The State improperly exercised peremptory challenges against all black jurors. (3) There was insufficient evidence to support the conviction. (4) The sentence imposed was constitutionally excessive. (5) Watts received constitutionally ineffective assistance of trial counsel due to a conflict of interest arising from counsel's prior representation of the victim and his family members. The state trial court set a hearing on the application for March 22, 2005.[15] Watts appeared pro se at the hearing and the state trial court denied relief on all of his claims.[16] Watts filed a motion to reconsider the ruling, and requesting appointed counsel and another hearing.[17] The state trial court denied the motion.[18] It does not appear from the record that Watts sought review of these decisions.

---

[14] St. Rec. Vol. 2 of 6, Uniform Application for Post-Conviction Relief, 2/4/05 (dated 1/14/05). Watts' signature date is presumed to be the earliest date on which he could have presented the pleading to prison officials for mailing to the state trial court. See Causey v. Cain, 450 F.3d 601 (5th Cir. 2006) (mailbox rule applies to state filings for timeliness purposes on habeas review).

[15] St. Rec. Vol. 2 of 6, Dist. Ct. Order, 2/10/05.

[16] St. Rec. Vol. 4 of 6, Hearing Transcript, 3/22/05.

[17] St. Rec. Vol. 2 of 6, Motion to Reconsider Ruling, 4/11/05.

[18] St. Rec. Vol. 2 of 6, Proposed Order (Denied) attached to Motion to Reconsider Ruling, 4/11/05.

More than two years later, on November 1, 2007, Watts filed an application for a writ of habeas corpus under La. Code Crim. P. art. 872.[19] Watts asserted that he was convicted in error and that attempted second degree murder was not a responsive verdict to the charge of second degree murder. The trial judge denied relief on November 6, 2007.[20] It is not clear from the record whether Watts sought review of this denial.[21]

Over the next few years, 2008 - 11, Watts filed many documents in the state court, including a second petition for post-conviction relief,[22] numerous motions for a new trial,[23] motion for recusal of the trial judge,[24] and a motion to vacate an illegal sentence.[25] All of these were denied. However, the only filing relevant to his current federal habeas corpus petition is his most recent application for post-conviction relief, filed on March 19, 2013, along with an "Exception to Time Limit for Post-Conviction Relief."[26] In that

---

[19]St. Rec. Vol. 2 of 6, Writ of Habeas Corpus, 11/5/07 (dated 11/1/07).

[20]St. Rec. Vol. 2 of 6, Proposed Order (Denied) attached to Writ of Habeas Corpus, 11/6/07.

[21]As the State notes in its response, there is a First Circuit opinion, dated 1/18/08, immediately following the Writ of Habeas Corpus which granted in part and denied in part a writ regarding a "motion for a new trial." The only motions for new trial this court found in its review were filed at sentencing on 1/24/01 and then much later on 5/13/11 and 2/8/11.

[22]St. Rec. Vol. 2 of 6, Uniform Application for Post-Conviction Relief, 6/18/08.

[23]St. Rec. Vol. 2 of 6, Motion for New Trial, 5/13/10; Motion for New Trial 2/8/11.

[24]St. Rec. Vol. 2 of 6, Motion for Recusal of Trial Judge, 5/13/10.

[25]St. Rec. Vol. 2 of 6, Motion to Vacate Illegal Sentence, 5/13/10.

[26]St. Rec. Vol. 1 of 6, Exception to Time Limit for Post-Conviction Relief, 3/19/13 (dated 3/18/13); attached Uniform Application for Post-Conviction Relief, 3/19/13 (dated 3/15/13).

application, he asserted the first claim which he raises before this court: that he was prejudiced by counsel's deficient performance in advising him to reject the plea offer and go to trial.

In this state court application, Watts argued that under La. Code Crim. P. art. 930.8 he was entitled to an "exception" for his out-of-time application because a new rule of constitutional law was announced by the United States Supreme Court in Missouri v. Frye, __ U.S. __, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, __ U.S. __, 132 S.Ct. 1376 (2012). The trial judge denied the application, but his signature is not dated.[27]

Watts sought review of this denial in a writ application to the Louisiana First Circuit Court of Appeal, which the First Circuit denied on October 28, 2013.[28] The First Circuit explained its grounds for denial as follows:

> Federal courts have concluded Missouri v. Frye, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and Lafler v. Cooper, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) did "not announce a new rule of constitutional law [because those cases] merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and established in the plea-bargaining context in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 266, 88 L.Ed.2d 203 (1985)." Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012). See also In re Perez, 682 F.3d 930 (11th Cir. 2012) (per curiam); In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam). Accordingly, relator's application for

---

[27]St. Rec. Vol. 1 of 6, Uniform Application for Post-Conviction Relief, p. 7, (Denied) (undated signature).

[28]St. Rec. Vol. 5 of 6, 1st Cir. Order, 2013-KW-1231, 10/28/13.

7

post conviction relief was filed untimely under La. Code Crim. P. art. 930.8(A).

On July 31, 2014, the Louisiana Supreme Court denied relief, also citing La. Code Crim. P. art. 930.8.[29]

## II.  FEDERAL HABEAS PETITION

On April 1, 2015, the clerk of this court filed Watts' petition for federal habeas corpus relief, which asserts three related claims: (1) The state courts erred in denying his application for post-conviction relief.  (2) The trial court erred in denying his application for post-conviction relief without ruling on the merits of the claim.  (3) He was prejudiced by counsel's deficient performance in advising him to reject the plea offer and go to trial.[30]

The State filed a response in opposition to the petition arguing that the petition should be dismissed as untimely under federal law and that Watts' arguments are not exhausted due to procedural default.[31]

## III.  GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[29]St. Rec. Vol. 5 of 6, La. S. Ct. Order, 2013-KH-2803, 7/31/14.

[30]Rec. Doc. No. 1.

[31]Rec. Doc. No. 10.

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[32] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)). The AEDPA therefore applies to Watts' petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In this case, the State has raised the defense that the petition is not timely filed.

IV.   STATUTE OF LIMITATIONS

Generally, the AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[33]  Duncan v. Walker, 533 U.S.

---

[32]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[33]The statute of limitations provision of the AEDPA does provide for other triggers:
(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases

167, 179-80 (2001). Watts' conviction became final on or about December 26, 2003, when he did not seek a writ of certiorari with the United States Supreme Court.

Therefore, under a literal application of the statute, Watts had until December 27, 2004,[34] to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law, or an exception applies, triggering a different start date for the limitations period.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu–Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v.

---

on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

[34]December 25, 2003 was Christmas day, and fell on a Thursday. Therefore, the United States Supreme Court would be closed until Friday, December 26, 2003. The time limitation period would therefore not start running until that day, and would expire one year later. However, December 26, 2004 fell on a Sunday, and therefore, under the Federal Rules of Civil Procedure, Watts' limitations period was extended until the next business day – Monday, December 27, 2004. See Fed. R. Civ. P. 6(a).

Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418–19; Cousin, 310 F.3d at 848.

Watts has not asserted equitable tolling as a grounds for his untimely petition. He has therefore not shown an reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in court decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17–day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu–Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n. 2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for the interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n. 1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175–178. Thus, the time which during state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period. Flanagan, 154 F.3d at 199 n.1.

For a post-conviction application to be considered "properly filed" within the meaning of within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306–307 n. 4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.1999)); Smith v. Ward, 209 F.3d 383, 384–85 (5th Cir.2000).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214,

219–20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedure'").

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686–88 (5th Cir. 2005).

In this case, Watts' conviction became final on December 26, 2003. The one-year limitations period began to run on December 27, 2003, and did so, without interruption, for one year, until December 27, 2004,[35] when the limitations period expired. Watts had no properly filed state post-conviction or other collateral review proceedings of any kind

---

[35]Id.

pending during that time. His earliest application for post-conviction relief was filed on January 14, 2005, eighteen days after the period had already expired.

Watts' federal petition was filed on March 30, 2015,[36] which is more than ten (10) years after the expiration of the AEDPA filing period. Thus, his petition must be dismissed as time-barred unless an exception applies.

Though Watts has not specifically alleged a new rule of constitutional law under 28 U.S.C. § 2244(d)(1)(C)[37] as an exception to his petition being untimely filed, he asserts that his state application for post-conviction relief should have been deemed timely based upon the United States Supreme Court decisions in Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (2012). Thus, he appears to be asserting timeliness based on a new constitutional rule

---

[36]The United States Court of Appeals for the Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Watts' petition was filed by the clerk of this court on April 1, 2015. His signature on the petition is dated March 30, 2015, which is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing.

[37]In relevant part this section states: (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
. . .
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.
28 U.S.C.A. § 2244 (West).

now retroactively applicable to cases on collateral review, allegedly established by Frye and Cooper. Such a new rule would have triggered a new limitations period, beginning March 21, 2012, when the Frye and Cooper decisions were handed down by the United States Supreme Court. However, as correctly noted in the Louisiana First Circuit Court of Appeal's opinion denying relief on Watts' 2013 application for post-conviction relief, the United States Fifth Circuit Court of Appeal has held that Cooper and Frye did not announce a new rule of constitutional law, because those decisions "merely applied the Sixth Amendment right to counsel to a specific factual context." In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam); Miller v. Thaler, 714 F.3d 897, 902 (5th Cir. 2013) (same). Thus, there is no new rule of law that can serve as the basis for an exception to the timeliness bar under 28 U.S.C. § 2244(d)(1)(C).

Watts' federal petition for habeas corpus is therefore untimely and must be dismissed for that reason.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Watts' petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[38]

New Orleans, Louisiana, this __28th__ day of August, 2015.

                                        JOSEPH C. WILKINSON, JR.
                                      UNITED STATES MAGISTRATE JUDGE

---

[38]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.