UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL WATTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1050** |
| **SANDY MCCAIN, WARDEN** | **SECTION "A"(2)** |

## O R D E R

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

The Court notes that Watts' codefendant, Kimble, received federal habeas relief based on his lawyer's failure to move for a severance. Watts and Kimble were tried together and the jury found Kimble to be the more culpable of the two defendants. But because of the federal habeas relief Kimble's sentence was reduced to near time served. Watts, however, had a 40 year sentence. At first blush this result seems somewhat unfair until one considers the totality of the circumstances that led the district court to grant Kimble relief. *See* Kimble v. Cain, No. 07-0396, 2010 WL 2925804 (M.D. La. June 25, 2010). The key evidence against Kimble that supported his conviction was Watts' statement against him—a statement that was never subjected to cross examination

because Watts did not testify. Meanwhile, there was significant evidence that pointed to Watts being the actual perpetrator of the murder with Kimble being merely present at the scene. *Id.* at *8. The district court in the Middle District of Louisiana detailed the evidence pointing to Watts, and the inference to be drawn from that evidence is that the jury confused the two defendants' respective roles in the murder. This alone would not have been a basis to grant federal habeas relief to Kimble but because the district court was persuaded that Kimble's conviction rested on Watts' statement, and because admission of that statement violated the Confrontation Clause, habeas relief was appropriate.

Accordingly,

**IT IS ORDERED** that the petition of Daniel Watts for issuance of a writ of habeas corpus under 28 U.S.C. § 2254, is hereby **DISMISSED WITH PREJUDICE** as time-barred.

November 3, 2015.

_____
UNITED STATES DISTRICT JUDGE